tion had all been presented. We see no valid objection therefore, on the ground that the court did not hear testimony to enable it to decide on the precise nature of the offence, but the record should have shown what the conclusion of the court upon that subject was. It is true that from the subsequent action of the court, there is a strong inference to be drawn as to that conclusion, which would have been sufficient to have sustained a judgment in a civil case, but in a criminal, and especially in a capital case, greater precision is required.

The objection that there should have been no change of venue out of the district, at least that such change was irregular previous to the joining of issue is not well taken. The law regulating the change of venue in criminal cases, is the statute of 1839, see laws of 1842-3, page 155, section 60, the law of 1843, (see same laws, page 639) so far as it prescribes the pre-requisites for a change of venue, or prevents a change to another district, being limited to civil cases. The discretion is lodged with the court to direct a change of venue for good cause shown. It is not declared that such change shall not take place previous to joining issue; not that it shall not be made to another district.

And besides; the order of the court directing a change of venue, is presumptive of its own regularity, and is conclusive, unless something to the contrary is shown by the record. Such is not the case in the present instance. To have taken advantage of the objections here urged to the change of venue, the grounds of that change should have been properly brought before us by a bill of exceptions.

Judgment reversed, and case remanded to Van Buren county.

————

The following are the remainder of the cases decided in 1846, with a brief of the points determined, and which are unavoidably crowded out of this volume. They will be reported in full in the second volume of " Iowa Reports."

REPORTER.

## Webb & Thruston vs. Mauro.

If A draw a bill on B, payable to the order of C, appending the word "agent," without stating for whom he is agent, he is personably liable; and in an action brought by C against the drawer and acceptor, A is an

incompetent witness to prove his agency, or the genuineness of letters going to establish such agency, and the liability of defendants.

---

## Gardner vs. Able.

In a judgment by default in an action of assumpsit, where the declaration contains a special count on a note, and a common count, and the note subjoined constitutes the only bill of particulars, it is not necessary to enter a nolle prosequi as to the common count. In a case like this the District Court should not and would not allow any thing but the note to be given in evidence under the special or common count.

---

## Hampton vs. Pearce.

A general plea of fraud to an action of assumpsit on a note &c., is good.

A plaintiff who declares upon a simple contract, must come into court prepared to shew, not only that he has a good cause of action, *prima facia*, but also to rebut every thing which implicates its validity *ab initio*, or which tends to prove its discharge, satisfaction or release.

---

## Hampton vs. The United States.

An informal caption to an indictment is not a ground of error, if the description cannot be mistaken.

The words " in and upon one A. B., then and there being, unlawfully did make an assault," &c., sufficiently refers to the county in the margin, as the place where the offence was committed.

It is not improper that the judge of the dis't. court should on the trial of a prisoner adjourn the court, jury and counsel to a neighboring house in town to receive the testimony of a sick witness, if the prisoner is not put to any substantial inconvenience.

The court in making such an order only exercises a warrantable discretion to attain the ends of justice.

62